IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SEAN PATRICK REILLY,

    Plaintiff,

v.                                              CASE NO. 1:10-cv-00237-MP -GRJ

LARRY CAMPBELL, et al,

    Defendants.

_____/

# O R D E R

Pending before the Court is Plaintiff's Motion to Appoint Counsel. (Doc. 19.) Plaintiff requests the Court to appoint counsel because he is proceeding *in forma pauperis* and is presently incarcerated. A plaintiff in a civil case has no constitutional right to counsel. Only exceptional circumstances warrant appointment, such as where "core facts" are in dispute and the legal issues are so novel or complex as to require the assistance of a trained practitioner. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel is a privilege, not a right).

Plaintiff has stated his claims sufficiently for his complaint to be served and contrary to his contention, the claims he asserts are not novel or complex. At this point in the proceedings Plaintiff has not shown sufficient circumstances to warrant appoint of counsel. Plaintiff has provided service copies of the First Amended Complaint and service is now appropriate.

Accordingly, it is **ORDERED**:

1. The docket shall reflect that there are 4 (four) Defendants in this action: **Sheriff Larry Campbell, Major Alan Griner, Lt. Chuck Davis, and Luis Moreno, all employed at the Leon County Jail, 535 Appleyard Drive, Tallahassee, Florida 32304.**

2. The clerk shall issue summonses, indicating that Defendants have sixty (60) days in which to file a response to the complaint, and refer the summonses, a copy of this order for each Defendant, the service copies of the amended complaint, the completed USM-285 forms and the completed AO-398 and AO-399 forms for each Defendant, to the United States Marshals Service (USMS). Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

3. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, the USMS shall send a copy of the amended complaint, a copy of this order, a completed AO-398 form and a copy thereof, a AO-399 form, and a prepaid means of compliance to each Defendant through first class mail. The USMS shall mail the forms to Defendants as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket.

4. If after thirty (30) days from the mailing of the waiver of service forms and the complaint a Defendant has not returned the waiver of service form (AO-399 form), the USMS shall personally serve that Defendant pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Upon completion of service, the USMS shall file with the clerk the return and a written statement of all costs incurred of making such personal service.

5. The clerk shall refer this file to the undersigned if the waiver form is

returned for insufficient address or for similar reason, if service on a Defendant is returned unexecuted, or if the USMS has filed a statement of costs incurred for making personal service.

6. Defendants shall have sixty (60) days in which to file a response to the complaint.

7. No motion for summary judgment shall be filed by any party prior to entry of an initial scheduling order without permission of the court.

8. Counsel for Defendants shall file a notice of appearance within twenty (20) days of the date of service of the complaint.

9. Once a response to the complaint is filed, no amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

10. After a response to the complaint has been filed by a Defendant, Plaintiff shall be required to mail to the attorney for that Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate of service stating the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant. **Any paper submitted for filing after a response to the complaint has been filed by a Defendant which does not contain a certificate of service shall be returned by the clerk and disregarded by the court**.

11. In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number

*Case No: 1:10-cv-00237-MP-GRJ*

written on it. If Plaintiff wishes to consent he should sign the form and forward it to counsel for a Defendant, who, if that Defendant consents, shall sign and forward it to counsel for another Defendant, who shall return it to the clerk only if that Defendant also consents.

12. Plaintiff is reminded to keep the clerk of court advised of any change in his mailing address should he be transferred, released from prison, or otherwise be relocated. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if court orders are not able to reach Plaintiff.

13. **In any event, the Clerk shall refer this file to the undersigned forty-five (45) days from the date of this order**.

14. Plaintiff's Motion for Appointment of Counsel (Doc. 19) is **DENIED**.

**DONE AND ORDERED** this 3rd day of February, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge