IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SEAN PATRICK REILLY,

      Plaintiff,

v.                                  CASE NO. 1:10-cv-237-GRJ

LARRY CAMPBELL, et al,

      Defendants.

_____/

## ORDER DISMISSING CASE

      Plaintiff initiated this case by filing a pro se complaint pursuant to 42 U.S.C § 1983, executed on November 22, 2010, and is proceeding pursuant to an Amended Complaint filed on December 22, 2010 (Doc. 10).  Plaintiff was confined in the Leon County Jail at the time that the Complaint was filed, and he is now in the custody of the Florida Department of Corrections at Bay Correctional Facility.  Plaintiff's claims stem from an alleged denial of access to the Leon County Jail law library and the law library's policy concerning the availability of legal materials to non-pro se inmates.  The Defendants are Leon County Sheriff Larry Campbell, Major Alan Griner, Lieutenant Chuck Davis, and law library paralegal Luis Moreno.  The Court directed service of the Amended Complaint, and Defendants filed answers and affirmative defenses.  Docs 29, 30, 31, 32.  Defendant Campbell asserts a counterclaim for damages against Plaintiff under state law.  Doc. 29.  The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C § 636(c) and Fed. R. Civ. P. 73, and the case has been referred to the undersigned for all proceedings and entry of judgment.  Doc. 25.

On May 9, 2011, the Court directed Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process.  Doc. 36.[1]  As set forth in detail in that Order, the Court determined that Plaintiff failed to truthfully disclose his prior case filing history in the Amended Complaint, which he executed under penalty of perjury.  In addition to failing to disclose previous federal cases that would count as "strikes" under 28 U.S.C § 1915(g), Plaintiff failed to disclose that he was pursuing identical claims in a pending case filed in the Tallahassee Division of the Northern District of Florida.

Plaintiff's response to the show cause order asserts that his lack of candor should be excused because he "did not have all the information available to me to answer the questions to the best of my ability while incarcerated withouth access to legal materials or case information."  Doc. 37.  He further contends that the filing of two federal cases asserting the same grounds was "inadvertent," and that he has now voluntarily dismissed the Tallahassee Division case.  *Id*.  Plaintiff moves for leave to file a second amended complaint.  Doc. 38.

The Court is not persuaded that Plaintiff's lack of candor should be excused. Plaintiff did not represent that he was unable to fully respond to the questions on the complaint form concerning prior cases.  He untruthfully represented that there were no such prior cases.  The Court also is not persuaded that Plaintiff's filing of two identical lawsuits was "inadvertent."  Although he was afforded the benefit of paying the filing

---

[1]Defendants were afforded an opportunity to respond to the show cause order, but have not done so.  The Court concludes that Defendants do not object to the dismissal of this case in its entirety.

fees in installments, Plaintiff was assessed a $350.00 filing fee in each case.  Had he not intended to file two cases, he undoubtedly would have objected to the assessment of two fees.  Further, Plaintiff received numerous orders from each court, including orders directing service of the complaints in each case.  It defies credulity to assert that Plaintiff was unaware that the cases were moving forward separately.  Plaintiff's failure to apprise the Court of the pendency of the other case and his prior federal cases merits the sanction of dismissal of this case for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).

Moreover, upon further review of the Amended Complaint the Court concludes that it should be dismissed for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*,  the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[2] or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the

---

[2] 28 U.S.C. § 1915(e)(2)(A).

claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

Plaintiff alleges that his right of access to court was violated while he was a pretrial detainee at the Leon County Jail.  Plaintiff alleges that during the course of his criminal prosecution in Leon County for criminal use of a personal ID, he became dissatisfied with his counsel's performance and sought legal materials from the jail law library.  He alleges that Defendants denied him access to the law library because he was represented by counsel.  Doc. 10.  Following his conviction and sentencing in September 2009, Plaintiff's trial counsel withdrew and the trial court appointed different counsel to represent him on appeal.  Plaintiff alleges that in another criminal proceeding

in January 2010 on witness-tampering charges, he successfully waived his right to counsel at a *Faretta* hearing and thereafter represented himself.  *Id*.  He alleges that he again was denied access to legal materials in violation of his right of access to court. He also alleges that the jail discriminated against him on the basis of race or ethnicity, and denied him legal materials in violation of his right to equal protection.  *Id*.  Plaintiff states that his criminal appeals are being handled by an attorney, but that he is proceeding *pro se* in a habeas corpus case and that he was denied legal materials in connection with that case as well.  *Id*.  Plaintiff seeks declaratory and injunctive relief as well as nominal and punitive damages.

Plaintiff is no longer incarcerated in the Leon County Jail, and accordingly any claim for injunctive relief is moot.  He alleges no facts that would support a claim for discrimination or violation of his right to equal protection, and his conclusional allegations that such violations occurred are insufficient to state a claim for relief.

 Further, Plaintiff's allegations do not establish any violation of his right of access to court.  The Eleventh Circuit has explained that:

> The Fourteenth Amendment gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 104, 172 L.Ed.2d 33 (2008).

> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr.*, 304 Fed.Appx. 848, 849-50 (11th Cir.2008)

(unpublished), *cert. denied* 129 S.Ct. 2440 (2009).

In this case, Plaintiff either was represented by counsel (in his first criminal case) or elected to represent himself (in his second criminal case), thereby declining to be represented by a lawyer who had unlimited access to legal materials.  The Court concludes that under such circumstances the Amended Complaint is frivolous because Plaintiff has little or no chance of success on a claim of constitutional deprivation of access to court.

In *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005), the Supreme Court held that there was no clearly established right under federal law to access to a jail law library while a pretrial detainee is proceeding as a *pro se* defendant in a criminal case. In a habeas case asserting an access-to-court claim, a district court in the Middle District of Florida noted:

> In fact, the Supreme Court has acknowledged that there is a Circuit split on the issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library. *See [Kane,* 546 U.S.at 10] (acknowledging but declining to resolve issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library). *See, e.g., Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) ("having rejected the assistance of court appointed counsel, Degrate had no constitutional right to access a law library in preparing the pro se defense of his criminal trial").

*Davis v. Sec'y, Dep't of Corr.*, 2009 WL 2252329, at *7 (M.D.Fla. 2009) (unpublished).

Extrapolating *Davis* in the context of a civil rights case raising an access-to-court claim similar to the instant case, another district court in the Middle District of Florida concluded that:

> Although this is a civil rights action, the same reasoning applies; there is no constitutional right to access a law library in preparing a *pro se* defense in a criminal case. *See Degrate v. Godwin,* 84 F.3d 768, 769 (5th Cir.1996) (per curiam) (in a § 1983 action, finding no constitutional right to access a law library in preparing a *pro se* defense in a criminal trial upon the defendant's rejection of the assistance of court-appointed counsel). "The offer of court-appointed counsel satisfies a state's obligation to provide meaningful access to the courts." *Daker v. Ferrero,* No. 1:03-CV-2526-RWS, 2008 WL 822190, at *11 (N.D.Ga. Mar.26, 2008) (not reported in F.Supp.2d). Plaintiff has not asserted that Florida failed to meet its obligation to offer court-appointed counsel to assist him in defense of the state criminal charges. Simply by offering counsel, a state meets its obligation. Plaintiff does not have a "constitutional right to choose between an offer of counsel and an adequate prison law library." *Id*. at *12.

*Singleton v. FS No. 7084,* ___ F. Supp. 2nd ____,  2011 WL 617942, *3  (M.D.Fla. Feb. 15, 2011).

The Court finds this reasoning highly persuasive and concludes that Plaintiff in this case did not have a constitutional right to choose between an offer of counsel and an adequate law library at the Leon County Jail in connection with his counseled and *pro se* criminal proceedings in the trial court, nor in connection with his counseled criminal appeals.

To the extent that Plaintiff alleges that he was denied access to court in connection with his *pro se* habeas corpus case, the Court concludes that Plaintiff still fails to state a claim for relief because he has alleged no actual injury.   He merely alleges that he was denied legal materials.  *See* Doc. 10.  In the absence of any allegation of actual injury, his claim must fail.  *See Wilson*, 163 F.3d at 1290-91.

Accordingly, for the foregoing reasons, it is **ORDERED**:

1.  Plaintiff's motion to amend the complaint, Doc. 38, is **DENIED.**

2.  Pursuant to 28 U.S.C § 1915(e)(2)(B), Plaintiff's claims are hereby **DISMISSED** as an abuse of the judicial process and for failure to state a claim upon which relief may be granted.  The Defendants' counterclaim, Doc. 29, is **DISMISSED.**  The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.  The dismissal of this case counts as a strike pursuant to 28 U.S.C § 1915(g).

**DONE AND ORDERED** this 26th day of May 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge